Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Louise Jillian Paris, SBN 347801
**OMNI LEGAL GROUP**
2029 Century Park E, Suite 438
Los Angeles, California 90067
Phone:       310.276.6664
Facsimile:   310.305.1550
omid@omnilg.com
ariana@omnilg.com
jillian@omnilg.com

Attorneys for Plaintiff
EWU MEDIA LLC

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EWU Media LLC, a Nevada Limited Liability Company;<br><br>Plaintiff,<br><br>vs.<br><br>Vobile Inc., a California Corporation, A&E Television Networks LLC, a Delaware Limited Liability Company;<br><br>Defendants. | Case No.: 2:24-cv-02046<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF DIGITAL MILLENIUM COPYRIGHT ACT ("DMCA") 17 U.S.C. § 512(F)**<br>**(2) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>**(3) UNFAIR COMPETITION (CAL. BUS. & PROF. § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff EWU Media LLC ("Plaintiff"), by its undersigned attorneys, files this Complaint against Defendants Vobile Inc. and A&E Television Networks LLC ("Defendants"). In support thereof Plaintiff states and alleges as follows:

## INTRODUCTION

1. Plaintiff EWU Media LLC brings this action to address the fraudulent copyright claim initiated by Defendants Vobile Inc. and A&E Television Networks, LLC, under the guise of a DMCA takedown notice, which has unjustly targeted copyrighted content owned by Plaintiff, leading to unwarranted demonetization, significant financial losses, and broader operational harm.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff EWU Media LLC is a Nevada Domestic Limited-Liability Company having business address at 3225 Mcleod Drive #110, Las Vegas, NV 89121.

3. Upon information and belief, Defendant Vobile Inc. is a California Corporation with a business address at 12777 W. Jefferson Blvd. Unit 300, Los Angeles, CA, 90066.

4. Upon information and belief, Defendant A&E Television Networks LLC is a Delaware limited liability company, with a business address at 28 Liberty St. New York 1005, NY, United States.

5. The Court has jurisdiction over the Plaintiff's claims under 28 U.S.C. § 1331 because they arise under a federal statute, the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f), and supplemental jurisdiction under 28 U.S.C. § 1367 over all other claims.

6. Venue in this judicial district is proper because Defendant Vobile Inc. resides in this district and a substantial part of the acts and omissions giving rise to

the claims occurred in this district.

## BACKGROUND FACTS

7. Plaintiff, EWU Media, is a media company that specializes in engaging audiences with true crime and mystery content, primarily through its Facebook and YouTube channels named "EXPLORE WITH US". Plaintiff owns and operates these channels, which are significant sources of revenue, generating up to $30,000 per day from viewership and advertising. The content on Plaintiff's Facebook page is integral to its business model, which relies heavily on revenue generated from online platforms, including Facebook and YouTube.

8. On January 15, 2024, Plaintiff posted a video titled "Man Challenges Cop to Karate Fight, Instantly Regrets It" on Facebook.com. *See* **EXHIBIT A**.

9. On January 27, 2024, Plaintiff received a DMCA takedown notice from Facebook, issued at the behest of Defendants, alleging copyright infringement. See **EXHIBIT B**.

10. The claim was baseless, as Plaintiff owns the copyright or has proper licenses for all content it publishes. Additionally, the body-camera footage featured in the video falls within the public domain.

11. Defendants were not entitled to issue the January 27 notice and could not have formed a good faith basis to issue such a notice.

12. Plaintiff is informed and believes that Defendants did not engage in any analysis prior to filing the DMCA takedown notice.

13. The takedown notice resulted in the immediate demonetization of Plaintiff's Facebook page from January 26 to January 31, 2024, causing a loss of daily income estimated between $3,000 to $30,000. The notice also led to heightened scrutiny by Facebook, with a subsequent and ongoing demonetization, reducing Plaintiff's income from the platform.

14. The wrongful DMCA claim and resultant operational disruptions compelled Plaintiff to lay off eight (8) employees, severely slowing content production. This has affected Plaintiff's YouTube channel, where revenue has dropped to approximately $8,000 per day due to the inability to release new content.

15. Plaintiff is informed and believes that Defendants operate within the same media industry, focusing on similar genres of true crime and mystery content, and are therefore direct competitors of Plaintiff. This competitive standing provides Defendants with a potential motive to undermine Plaintiff's market position and financial stability through the issuance of the DMCA takedown notice. The act of filing a baseless copyright infringement claim against Plaintiff's content appears to be strategically motivated, aiming to disrupt Plaintiff's operations and diminish its audience engagement and revenue streams. Such actions by Defendants not only highlight the competitive tensions between the parties but also suggest a misuse of copyright law to gain an unfair advantage in the market.

16. Defendants' actions, constituting an abuse of the DMCA takedown process, have not only directly harmed Plaintiff financially but have also interfered with Plaintiff's prospective economic advantage and constituted unfair competition under California law.

## FIRST CAUSE OF ACTION:
## VIOLATION OF DMCA § 512(f)

17. Plaintiff repeats and realleges the allegations set forth in Paragraph 1 through 16 as if fully set forth herein.

18. The DMCA bad faith notice and takedown provision under 17 U.S.C. § 512(f) provides that "[a]ny person who knowingly materially misrepresents under this section … that material or activity is infringing … shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer …

who is injured by such misrepresentation, as the result of … relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing."

19. Defendants willfully, knowingly, materially, or through willful blindness made 512(f) misrepresentations to Facebook stating that Plaintiff's video was infringing intellectual property rights owned by Defendants.

20. In reliance on Defendants' misrepresentations, Facebook removed and disabled access to the material and demonetized Plaintiff's account from January 26 to January 31, 2024.

21. Defendants' misconduct includes their failure to consider that they do not own the copyright, have the entire rights to the video, or that other parties have rights to publication or other licenses to exploit the footage. Defendants failed to make an analysis of copyright infringement or whether they even owned the rights to the alleged infringing content. Such consideration is particularly needed when the DMCA notices are aimed at disabling a social media account.

22. Defendants did not have entitlement to file the DMCA notice.

23. Plaintiff seeks damages and attorneys' fees for Defendants' bad-faith conduct under 17 U.S.C. § 512(f).

## SECOND CAUSE OF ACTION:
## INTENTIONAL INTERFERENCE WITH
## PROSPECTIVE ECONOMIC ADVANTAGE

24. Plaintiff repeats and realleges the allegations set forth in Paragraph 1 through 23 as if fully set forth herein.

25. Plaintiff and Facebook were in an economic relationship that would have resulted in an economic benefit to Plaintiff.

26. Defendants were aware of Plaintiff's relationship with Facebook.

27. Defendants engaged in conduct to purposely disrupt this economic relationship by filing a DMCA notice with Facebook that lacked merit.

28. Defendants did so with the express intent of disrupting the relationship between Plaintiff and Facebook, or at the very least, knew that disruption of the relationship was substantially certain to occur.

29. The relationship between Plaintiff and Facebook was in fact disrupted.

30. Plaintiff has been harmed as a result of the disruption of its business relationship with Facebook.

31. Defendants' conduct was a substantial factor in causing the harm.

32. Defendants' conduct was malicious, oppressive, and/or fraudulent. Plaintiff seeks punitive damages in addition to compensatory damages as a result of the injury.

## THIRD CAUSE OF ACTION:
## UNFAIR COMPETITION

33. Plaintiff repeats and realleges the allegations set forth in Paragraph 1 through 32 as if fully set forth herein.

34. California Business & Professions Code § 17200 prohibits unfair competition, including "any unlawful, unfair, or fraudulent business act or practice."

35. By engaging in the alleged conduct, Defendants have engaged in unlawful, unfair, or fraudulent business acts of unfair competition in violation of §§ 17200, et seq., and California common law. This conduct includes Defendants' false representations and/or willful blindness in submitting DMCA notices to Plaintiff's detriment.

36. As an actual and proximate result of Defendants' unfair competition, Defendants have unjustly enriched themselves by obtaining financial benefits and depriving Plaintiff of the compensation to which it is rightly entitled.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

    a. For compensatory damages in an amount to be proven at trial;

    b. For punitive and exemplary damages;

    c. For reasonable attorney's fees and cost of suit incurred herein;

    d. For prejudgment interest at the legal rate; and

    e. For such other and further relief as the Court deems just and proper.

# JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 13th day of March, 2024.

**OMNI LEGAL GROUP**

/s/ Omid E. Khalifeh
Omid E. Khalifeh
Ariana Santoro
Louise Jillian Paris
Attorneys for Plaintiff
EWU Media LLC