1  MARGARET A. McLETCHIE (223240)
2  *maggie@nvlitigation.com*
   McLETCHIE LAW
3  500 North State College Boulevard, Suite 1100 PMB 326
   Orange, California 92868
4  Telephone: (702) 728-5300
5  *Attorneys for Plaintiff EWU MEDIA LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EWU MEDIA, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> VOBILE, INC. a California corporation, and A&E TELEVISION NETWORKS, LLC, a Delaware limited liability company, <br><br> Defendants. | 2:24-cv-02046-MEMF-PD <br><br> **PLAINTIFF'S AMENDED COMPLAINT FOR:** <br><br> **(1) VIOLATIONS OF DIGITAL MILLENIUM COPYRIGHT ACT ("DMCA") 17 U.S.C. § 512(F)** <br><br> **DEMAND FOR JURY TRIAL** |

-1-

Plaintiff EWU Media LLC ("Plaintiff" or "EWU Media"), by its undersigned attorneys, files this Amended Complaint against Defendants Vobile Inc. and A&E Television Networks LLC ("Defendants"). In support thereof Plaintiff states and alleges as follows:

## INTRODUCTION

1. Plaintiff EWU Media LLC brings this action to address the bad-faith copyright claim initiated by Defendants Vobile Inc. and A&E Television Networks, LLC, under the guise of a DMCA takedown notice, which has unjustly targeted copyrighted content owned by Plaintiff, leading to unwarranted demonetization, significant financial losses, and broader operational harm.[1]

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff EWU Media LLC is a Nevada Domestic Limited-Liability Company having business address at 3225 Mcleod Drive #110, Las Vegas, NV 89121.

3. Upon information and belief, Defendant Vobile Inc. ("Vobile") is a California Corporation with a business address at 12777 W. Jefferson Blvd. Unit 300, Los Angeles, CA, 90066.

4. Upon information and belief, Defendant A&E Television Networks LLC ("AETN") is a Delaware limited liability company, with a business address at 28 Liberty St. New York 1005, NY, United States.

5. The Court has jurisdiction over the Plaintiff's claims under 28 U.S.C. § 1331 because they arise under a federal statute, the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f).

6. Venue in this judicial district is proper because Vobile resides in this

---

[1] This Amended Complaint has removed all claims arising under California law. *See Walker v. Conagra Brands, Inc.*, Case No. 8:20-cv-01679-FWS-KES, 2023 U.S. Dist. LEXIS 167768, *3 (N.D. Cal. Sept. 20, 2023) (quoting *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988)) ("Federal Rule of Civil Procedure 15(a) is the appropriate mechanism where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.")

district and a substantial part of the acts and omissions giving rise to the claims occurred in this district.

## BACKGROUND FACTS

7. Plaintiff, EWU Media, is a media company that specializes in engaging audiences with true crime and mystery content, primarily through its Facebook and YouTube channels named "EXPLORE WITH US". Plaintiff owns and operates these channels, which are significant sources of revenue, generating up to $30,000 per day from viewership and advertising. The content on Plaintiff's Facebook page is integral to its business model, which relies heavily on revenue generated from online platforms, including Facebook and YouTube.

8. On January 15, 2024, Plaintiff posted a video titled "Man Challenges Cop to Karate Fight, Instantly Regrets It" on Facebook.com. *See* **EXHIBIT A** (previously submitted to the Court as ECF No. 1-1, pp. 1-2, hereinafter "the Video")

9. The Video consists of body-camera footage obtained from the Port Orange, Florida, Police Department; a mugshot of the Video's subject; and, still-depictions of court documents relevant to the video. The Video was edited by EWU Media and supplemented by graphics (such as two EWU Media watermarks and captioning) added onto the footage by EWU Media.

10. The Video's audio portion consists of the audio corresponding with the body camera footage and audio of a 911 call, as well as narration added by EWU Media.

11. On January 27, 2024, Plaintiff received a DMCA takedown notice from Facebook, issued at the behest of Defendants, alleging copyright infringement. *See* **EXHIBIT B** (previously submitted to the Court as ECF No. 1-1, pp. 3-4.)

12. The claim was baseless, as Plaintiff owns the copyright or has proper licenses for all content it publishes.

13. Regarding the Video specifically, upon information and belief, the body-camera footage, mugshot, and court documents featured in the Video fall within the public domain.

14. Upon information and belief, all other video elements of the Video are either in the public domain or are EWU Media's copyrighted material.

15. Upon information and belief, all audio elements of the Video are either in the public domain or are EWU Media's copyrighted material.

16. Upon information and belief, Vobile provides software services which digitally "fingerprint" content submitted to it by customers and automatically determines whether this "fingerprinted" content is reproduced on the Internet.

17. Upon information and belief, AETN is a customer of Vobile and utilizes Vobile's software services to automatically detect reproduction of AETN's "fingerprinted" content on the Internet and issue DMCA takedown notices.

18. Upon information and belief, Vobile's software services indicated that content contained within the Video matched AETN's purportedly copyrighted content that Vobile's software services had "fingerprinted."

19. Notwithstanding this "fingerprinting," it is impossible for the Video to contain any material to which AETN owns the copyright, as, upon information and belief, all video and audio elements of the Video are unmistakably in the public domain or EWU Media's copyrighted material.

20. Defendants were not entitled to issue the January 27 notice and could not have formed a good faith basis to issue such a notice.

21. The takedown notice resulted in the immediate demonetization of Plaintiff's entire Facebook page from January 26 to January 31, 2024, causing a loss of daily income estimated between $3,000 to $30,000.

22. The notice also led to heightened scrutiny by Facebook, with a subsequent and ongoing demonetization, reducing Plaintiff's income from the platform.

23. Upon information and belief, after this incident, AETN failed to "whitelist" EWU Media's content, which again resulted in a wrongful DMCA claim being filed against EWU Media's online content.

24. The wrongful DMCA claims and resultant operational disruptions compelled Plaintiff to lay off eight (8) employees, severely slowing content production. This has affected Plaintiff's YouTube channel, whose content mirrors that of Plaintiff's Facebook page, where revenue has dropped due to the inability to release new content.

25. Plaintiff is informed and believes that Defendants operate within the same media industry, focusing on similar genres of true crime and mystery content, and are therefore direct competitors of Plaintiff. This competitive standing provides Defendants with a potential motive to undermine Plaintiff's market position and financial stability through the issuance of the DMCA takedown notice. The act of filing a baseless copyright infringement claim against Plaintiff's content appears to be strategically motivated, aiming to disrupt Plaintiff's operations and diminish its audience engagement and revenue streams. Such actions by Defendants not only highlight the competitive tensions between the parties but also suggest a misuse of copyright law to gain an unfair advantage in the market.

26. Defendants' actions, constituting an abuse of the DMCA takedown process, have directly harmed Plaintiff financially.

**FIRST CAUSE OF ACTION**

**VIOLATION OF DMCA 17 U.S.C. § 512(f)**

27. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 26 as if fully set forth herein.

28. The DMCA bad faith notice and takedown provision under 17 U.S.C. § 512(f) provides that "[a]ny person who knowingly materially misrepresents under this section … that material or activity is infringing … shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer … who is injured by such misrepresentation as the result of … relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing."

29. By issuing the DMCA notices, Defendants essentially claimed copyright in content that is in the public domain—a knowing and material impossibility (and

therefore misrepresentation)—and/or copyrighted by EWU Media rather than Defendants—a knowing and material misrepresentation.

30. Defendants therefore knowingly and materially made misrepresentations to Facebook stating that Plaintiff's video was infringing intellectual property rights owned by Defendants under 17 U.S.C. § 512(f).

31. In reliance on Defendants' misrepresentations, Facebook removed and disabled access to the material and demonetized Plaintiff's entire account from January 26 to January 31, 2024.

32. Plaintiff seeks damages and attorneys' fees for Defendants' bad-faith conduct under 17 U.S.C. § 512(f).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for relief as follows:

a. For compensatory damages in an amount to be proven at trial;
b. For punitive and exemplary damages;
c. For reasonable attorney's fees and cost of suit incurred herein;
d. For prejudgment interest at the legal rate; and,
e. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 17th day of September, 2024.

McLETCHIE LAW

*/s/ Margaret A. McLetchie*
Margaret A. McLetchie,
*Attorney for Plaintiff*
*EWU MEDIA LLC*